Opinion issued January 31, 2013



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-10-00240-CV

————————————

**THE CITY OF HOUSTON, Appellant**

**V.**

**ATSER, L.P., Appellee**

**On Appeal from the 334th Judicial District Court**
**Harris County, Texas**
**Trial Court Case No. 2008-48039**

## OPINION ON SECOND MOTION FOR REHEARING

Appellant, the City of Houston ("the City"), moved for en banc reconsideration of our August 30, 2012 opinion. We construe the motion as a

motion for rehearing and grant the motion for rehearing.[1] We withdraw the August 30, 2012 majority opinion, judgment, and concurring and dissenting opinion on rehearing, and we issue this opinion and judgment in their stead.

This is a case stemming from allegations of the City's breach of a contract between the City and appellee, ATSER, L.P. ("ATSER"). The City appeals from an interlocutory order denying its no-evidence and traditional motion for partial summary judgment against ATSER in which the City states it asserted challenges to the trial court's jurisdiction. In two issues, the City contends that: (1) ATSER's breach of contract allegations do not fall within the limited waiver of immunity set forth in Texas Local Government Code Chapter 271; and (2) ATSER's allegations of failure to use services, allegedly causing it lost profits of $250,000, are not actionable under Chapter 271, Subchapter I of the Code.

We construe the City's summary judgment motion, which raises the same immunity arguments as its previously-denied plea to the jurisdiction, as a motion to reconsider the trial court's denial of the plea. We dismiss the City's appeal in its entirety for lack of subject matter jurisdiction.

---

[1]  *See Brookshire Bros., Inc. v. Smith*, 176 S.W.3d 30, 40–41 & n.4 (Tex. App.— Houston [1st Dist.] 2004, pet. denied) (discussing filing of motions for rehearing and motions for en banc reconsideration and noting that Court's practice is to present motion for en banc reconsideration to original panel first).

## Background

In 1999, the City and ATSER entered into a construction contract (the "1999 Contract") which required ATSER to provide the labor, materials, and supervision necessary to complete various construction projects. In 2003, the parties amended the contract to require ATSER to implement a computerized "Project Management System" for the construction projects (the "2003 Amendments"). In 2006, the parties entered into a contract for software technical support and programming services (the "2006 Contract").

Eventually, the City and ATSER disagreed about the parties' duties under these contracts. Their disagreements initially centered around a former ATSER employee who had come to work for the City. ATSER believed that this employee had misappropriated trade secret information and had begun using the information to ATSER's detriment and the City's benefit. ATSER brought suit against this employee. ATSER later substituted the City as a defendant and pled claims for breach of the 1999 Contract, the 2003 Amendments, and the 2006 Contract, as well as claims for quantum meruit and unjust enrichment. ATSER alleged that the trial court had jurisdiction over its claims pursuant to Texas Local Government Code Chapter 271.

The City answered ATSER's petition and pled, among other defenses, immunity from both suit and liability. The City then filed two sets of special exceptions to ATSER's claims.

In its first set of special exceptions, the City claimed that Local Government Code Chapter 271 waived immunity only for breach of contract claims and that, therefore, the City was immune from claims such as quantum meruit or unjust enrichment. It also claimed that, under the facts pled by ATSER, Local Government Code section 271.152 did not waive the City's immunity from suit for breach of contract.

In response, ATSER filed a second amended petition. The City then filed special exceptions to ATSER's second amended petition. In those special exceptions, the City claimed that ATSER's pleadings were so devoid of facts as to deny the City fair notice of ATSER's claims, and it claimed that ATSER had failed to adequately plead jurisdiction, despite being given the opportunity to do so. The City also argued that ATSER failed to plead the maximum amount of damages sought, failed to plead special damages, and failed to prove that the damages sought were recoverable under Local Government Code section 271.153(b). ATSER then amended its pleading again and dropped its equitable claims, leaving only its breach of contract claims.

In its third amended petition, ATSER claimed that: (1) it has valid, enforceable contracts with the City; (2) it has standing to sue the City; (3) the City has waived its sovereign immunity pursuant to section 271.152; (4) its claims are for an adjudication of the City's breach of contract; (5) it performed, tendered performance, or was excused from performing its contractual obligations, and it provided all goods, services, and materials as requested by the City and required by the terms of the contracts; and (6) the City breached the contracts by "failing to meet its payment obligations and other duties under these contracts" and failing to fully compensate ATSER.

The City filed a plea to the jurisdiction in response to ATSER's third amended petition. The City alleged that the only exceptions to governmental immunity that ATSER could plead were provided by Local Government Code sections 271.152 and 271.153 and that ATSER's claim did not fall within the parameters of those sections. The City asked the trial court to dismiss ATSER's claim for lack of jurisdiction. The trial court denied the plea to the jurisdiction. The City did not file an interlocutory appeal of that order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (Vernon Supp. 2012) (allowing party to file interlocutory appeal of order denying governmental unit's plea to the jurisdiction).

After discovery proceeded in the lawsuit and ended in January 2010, the City filed a "No-Evidence and Traditional Motion for Partial Summary Judgment"

("Partial Motion for Summary Judgment"). The "no-evidence" section of the Partial Motion for Summary Judgment asserted that ATSER had presented no evidence of one or more essential elements of its claim for breach of contract. The "traditional" part of the Partial Motion for Summary Judgment argued that the City was entitled to judgment as a matter of law on ATSER's breach of contract claim. Within the traditional part of this Partial Motion for Summary Judgment, the City also claimed that one portion of ATSER's breach of contract claim "fails as a matter of law because the Legislature did not waive the City's immunity for the types of damages ATSER seeks." The City contended, as it did in its first and second set of special exceptions and in its plea to the jurisdiction following the filing of ATSER's third amended petition, that it was entitled to dismissal because ATSER's claims did not fall within the parameters of Local Government Code sections 271.152 and 271.153.

The trial court denied the City's Partial Motion for Summary Judgment. The City filed a notice of appeal from the denial of its Partial Motion for Summary Judgment as an accelerated appeal under Civil Practice and Remedies Code section 51.014(a)(8). As there has been no final judgment in this case, we gave the City notice that the appeal might be involuntarily dismissed for want of jurisdiction, and we gave the parties the opportunity to provide further briefing on the jurisdictional issue, which the City did.

**Interlocutory Appellate Jurisdiction**

The City claims that, despite the fact that there is no final judgment or order in this case, it can appeal the interlocutory denial of its Partial Motion for Summary Judgment on the basis that this motion was actually a challenge to the trial court's subject matter jurisdiction. We disagree.

As a general rule, appeals may be taken only from final judgments or orders. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014; *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000) (per curiam). A denial of a motion for summary judgment is not a final judgment and is therefore generally not appealable. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996); *William Marsh Rice Univ. v. Coleman*, 291 S.W.3d 43, 45 (Tex. App.—Houston [14th Dist.] 2009, pet. dism'd); *Baylor Coll. of Med. v. Tate*, 77 S.W.3d 467, 469 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

An exception to this rule, however, is found in Civil Practice and Remedies Code section 51.014(a)(8). This section allows an appeal from an interlocutory order that "grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8). An interlocutory appeal may be had when a trial court denies a governmental unit's challenge to subject matter jurisdiction, "irrespective of the procedural vehicle used." *Thomas v. Long*, 207 S.W.3d 334, 339 (Tex. 2006). The

availability of an interlocutory appeal will not be decided by the form or caption of a pleading but will be determined by the substance of the motion to determine the relief sought. *Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999).

In order for a party to be entitled to an interlocutory appeal, section 51.014(a)(8) requires the denial of a jurisdictional challenge. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8); *Thomas*, 207 S.W.3d at 339. Even in the absence of an explicit denial of a jurisdictional challenge, however, if a trial court rules on the merits of an issue without explicitly rejecting an asserted jurisdictional attack, it has implicitly denied the jurisdictional challenge. *Thomas*, 207 S.W.3d at 339–40. This implicit denial satisfies section 51.014(a)(8) and gives the court of appeals jurisdiction to consider an otherwise impermissible interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8); Tex. R. App. P. 33.1(a)(2)(A); *Thomas*, 207 S.W.3d at 340.

However, in *City of Houston v. Estate of Jones*, the Texas Supreme Court has recently held that when a governmental entity, like the City, files a plea to the jurisdiction or other procedural vehicle raising the same grounds as it did in a plea to the jurisdiction previously denied by the trial court, the renewed plea is "substantively a motion to reconsider the denial of [the original] plea" and that "[t]he court of appeals [does] not have jurisdiction to consider any part of the

merits of the interlocutory appeal." No. 10-0755, 2012 WL 6634065, at *4 (Tex. Dec. 21, 2012) (per curiam).

In *Estate of Jones*, Jones sued the City of Houston for breach of a settlement agreement. *Id.* at *1. The City of Houston filed a plea to the jurisdiction, arguing, among other things, that Local Government Code section 271.152 did not waive its immunity from suit. *Id.* The trial court implicitly denied this plea by granting partial summary judgment to Jones on the issue of liability, and the City of Houston did not appeal this interlocutory order. *Id.* at *2. After the case was transferred to the probate court, the City of Houston filed a motion for summary judgment and an amended plea to the jurisdiction, again asserting that section 271.152 did not waive governmental immunity but also presenting an additional reason why this section did not waive immunity. *Id.* The probate court construed the amended plea as a motion to reconsider the original plea, and it denied the amended plea. *Id.* The City of Houston then filed an interlocutory appeal. *Id.*

In holding that the court of appeals lacked interlocutory appellate jurisdiction over the City of Houston's appeal, the Texas Supreme Court noted that parties may appeal certain interlocutory orders, including the denial of a governmental unit's plea to the jurisdiction, but that the interlocutory appeal statute, which must be "strictly construe[d]" as a "narrow exception to the general rule that only final judgments are appealable," requires the party to file a notice of

9

appeal within twenty days of the date the challenged order was signed to invoke interlocutory appellate jurisdiction. *Id.* at \*2–3 (citing TEX. R. APP. P. 26.1(b), 28.1(a) and quoting *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 841 (Tex. 2007)).

The court reasoned that allowing an interlocutory appeal in this circumstance—where the trial court denied the City of Houston's plea to the jurisdiction, the City of Houston failed to take advantage of its ability to challenge that ruling via interlocutory appeal, the City of Houston subsequently filed an amended plea raising the same immunity argument, and the trial court also denied the amended plea—"would effectively eliminate the requirement that appeals from interlocutory orders must be filed within twenty days after the challenged order is signed." *Id.* at \*4; *see also Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 358 (Tex. 2001) (stating, in class decertification context, "Allowing interlocutory appeals whenever a trial court refuses to change its mind . . . would invite successive appeals and undermine the [interlocutory appeal] statute's purpose of promoting judicial economy"). The court concluded that because the City of Houston did not assert a new ground of immunity in its amended plea, the amended plea was "substantively a motion to reconsider the denial of its [original] plea." *Estate of Jones*, 2012 WL 6634065, at \*4. The supreme court held that the

court of appeals "did not have jurisdiction to consider any part of the merits of the interlocutory appeal." *Id.*

## Application of Law to Facts

Here, ATSER alleged in its third amended petition that Local Government Code section 271.152 waived the City's governmental immunity from suit. In response, the City filed a plea to the jurisdiction, arguing that ATSER's claims did not fall within section 271.152's waiver of immunity and that ATSER's "failure to use services claim" was not actionable under Chapter 271 because this claim "does not allege damages falling within the limited waiver of immunity stated in Chapter 271." The City argued that the trial court should dismiss ATSER's claims because it had failed to allege a claim for which the City's immunity from suit had been waived under Chapter 271. The trial court denied the City's plea on April 22, 2009. The City did not attempt to appeal this interlocutory order.

On February 11, 2010, the City filed its Partial Motion for Summary Judgment, in which the City divided ATSER's claims into a $5 million claim and a $250,000 claim. The City did not raise any arguments concerning immunity in the no-evidence portion of this motion; instead, the City argued that ATSER could present no evidence to support the essential elements of its breach of contract claims. In the traditional portion of the motion, with respect to the $5 million claim, although the City stated that this claim was "nothing more than a tort or

11

quasi-contract claim" and that the City "is immune from these types of claims" under Chapter 271, the City ultimately argued that summary judgment was appropriate on the ground that the evidence established that ATSER failed to perform or tender performance and that the City had no contractual obligation to pay ATSER. The focus of the City's argument regarding this claim was that ATSER failed to establish the essential elements of a breach of contract claim.

To the extent that the City argued in its Partial Motion for Summary Judgment that governmental immunity barred the $5 million claim, the City merely restated the same grounds as it did in its plea to the jurisdiction; namely, that under the facts of this case, Local Government Code Chapter 271 did not waive the City's governmental immunity. Similarly, with respect to the $250,000 claim, the City argued that this claim, the "failure to use services" claim, failed as a matter of law "because the Legislature did not waive the City's immunity for the type of damages [ATSER] seeks." Again, the City presented the same immunity argument with respect to this claim in its Partial Motion for Summary Judgment as it did in its original plea to the jurisdiction.

We conclude that because the City did not assert a new ground or basis for immunity in its Partial Motion for Summary Judgment, this motion was "substantively a motion to reconsider" the trial court's earlier denial of the City's plea to the jurisdiction. *Estate of Jones*, 2012 WL 6634065, at *4. Because the

12

City did not file a notice of interlocutory appeal within twenty days of the trial court's order denying its original plea to the jurisdiction, we hold that we lack interlocutory appellate jurisdiction to consider any part of the merits of the City's interlocutory appeal.[2] *Id.*

## Conclusion

We dismiss the City's appeal for lack of appellate jurisdiction.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Sharp, and Massengale.

Justice Massengale, concurring.

---

[2] In the no-evidence portion of its Partial Motion for Summary Judgment, the City claimed that there was no evidence to support any of the elements of ATSER's breach of contract claims. This part of the City's motion did not challenge the trial court's subject matter jurisdiction on grounds of immunity or otherwise. The denial of a partial motion for summary judgment is not a final judgment and is not reviewable on interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a) (Vernon Supp. 2012); *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996). Therefore, to the extent the City urges grounds for appeal of the no-evidence part of its motion beyond those grounds urged in both its plea to the jurisdiction and the traditional portion of its summary judgment motion, we lack jurisdiction over the City's appeal of the denial of its no-evidence motion for summary judgment.