Opinion issued December 20, 2016



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00557-CV

————————————

**KERRY FIELDS, AN INDIVIDUAL, AND TONYA FIELDS AND KERRY FIELDS, AS PARENTS AND NEXT FRIENDS OF KRIS FIELDS AND TYLER FIELDS, Appellants**

**V.**

**GEICO ADVANTAGE INSURANCE COMPANY, Appellee**

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1063354**

## MEMORANDUM OPINION

Appellants, Kerry Fields, an Individual, and Tonya Fields and Kerry Fields,

as Parents and Next Friends of Kris Fields and Tyler Fields (collectively "Fields"),

attempt to appeal from the trial court's July 1, 2016 order denying their motion for summary judgment. We dismiss the appeal for want of jurisdiction.

Generally, appellate courts have jurisdiction only over appeals from final judgments unless a statute authorizes an interlocutory appeal. *CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *see N.Y. Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 679–80 (Tex. 1990) (citing *N.E. Indep. Sch. Dist. v. Aldridge*, 200 S.W.2d 893, 895 (Tex. 1966) ("In the absence of a special statute making an interlocutory order appealable, a judgment must dispose of all issues and parties in the case . . . to be final and appealable."). An order denying a summary judgment motion is not a final judgment and, absent certain exceptions not applicable here, is not an appealable interlocutory order. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996); *City of Houston v. Aster, L.P.*, 403 S.W.3d 354, 357 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (citations omitted); *see In re M.G.*, No. 01-05-00426-CV, 2006 WL 1549754, at *1 (Tex. App.—Houston [1st Dist.] June 8, 2006, no pet.) (mem. op.) (citations omitted) ("When a party attempts to appeal a non-appealable interlocutory order, appellate courts have no jurisdiction except to declare the interlocutory nature of the order and to dismiss the appeal.").

On October 18, 2016, the Clerk of this Court notified the parties that the Court might dismiss the appeal unless Fields, by November 1, 2016, filed a response demonstrating that the Court has jurisdiction over this appeal. After our notice

issued, appellee, GEICO Advantage Insurance Company, filed a motion to dismiss the appeal and award GEICO damages for a frivolous appeal and a judgment for costs. Fields has not responded to GEICO's motion or this Court's notice, or otherwise demonstrated that this Court has jurisdiction over the appeal.

Accordingly, we dismiss the appeal the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We deny GEICO's motion for damages and costs and dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Higley, and Lloyd.

3