**DISMISS and Opinion Filed February 3, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-22-01170-CV

### CITY OF FORT WORTH, Appellant
### V.
### WILLIAM BIRCHETT, Appellee

**On Appeal from the 162nd Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-19-06941**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Goldstein
Opinion by Chief Justice Burns

Appellant appeals from the trial court's order denying its second plea to the jurisdiction in the underlying whistleblower lawsuit. Because it appeared the City's second plea to the jurisdiction was essentially a motion to reconsider the denial of its first plea, we questioned our jurisdiction. As directed by this Court, the parties to filed letter briefs addressing the jurisdictional issue.

### Background

William Birchett, former Senior Information Technology Solutions Manager for the City of Fort Worth, discovered that the City's cybersecurity was allegedly

severely compromised. He reported his findings and a plan of remediation to the appropriate personnel. When the City failed to remedy the problem, Birchett reported the violations to law enforcement agencies. He was subsequently terminated by City Official Kevin Gunn. In 2019, Birchett filed the underlying case pursuant to the Texas Whistleblower Act. *See* TEX. GOV'T CODE ANN. § 554.002.

The City filed its first plea to the jurisdiction in 2019. The trial court denied the motion and the City appealed. We affirmed. *See City of Fort Worth v. Birchett,* No. 05-20-00265-CV, 2021 WL 3234349 (Tex. App.—Dallas July 29, 2021, pet. denied). The City filed a second plea in September 2022. This appeal concerns the denial of that plea.

**The Law**

A party may appeal an interlocutory order that grants or denies a plea to the jurisdiction by a governmental unit. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8). However, a party may not bring an interlocutory appeal of an order denying a second plea to the jurisdiction that merely restates the same grounds as the earlier plea to the jurisdiction. *See City of Houston v. Atser, L.P.,* 403 S.W.3d 354, 359 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (op. on reh'g). As the supreme court has noted, "allowing interlocutory appeals whenever a trial court refuses to change its mind ... would invite successive appeals and undermine the statute's purpose of promoting judicial economy." *Bally Total Fitness Corp. v.*

*Jackson*, 53 S.W.3d 352, 358 (Tex. 2001). Where an amended plea makes a new argument but does not assert a new ground, the amended plea is substantively a motion to reconsider, the denial of which is not subject to an interlocutory appeal. *See City of Houston v. Est. of Jones*, 388 S.W.3d 663, 667 (Tex. 2012).

**Discussion**

In its first plea to the jurisdiction, the City asserted the trial court lacked subject matter jurisdiction because Birchett did not make good-faith reports of a violation of law to an appropriate law enforcement authority, was terminated for performance shortcomings, not reporting violations of law, and, after his termination, failed to properly initiate the City's whistleblower grievance procedure. In its brief filed in the first appeal, the City's third issue stated: "Where Birchett alleges that his supervisor learned details about the audit from a memo stating that someone other than Birchett brought the cybersecurity issues to the auditor's attention, has he sufficiently alleged a causal connection between his alleged statements to the auditor and his termination.?" In addressing the City's third issue, we stated the following:

*Causation as to Termination Claim*

In its order denying the City's plea, the trial court stated, "[Birchett] has produced sufficient evidence that he was placed on administrative leave and terminated in retaliation for his report." In its third issue— which addresses Birchett's termination claim, but not his administrative leave claim—the City argues, in essence, that the trial court erred in denying the plea on the termination claim because Birchett was not terminated because of any protected report. In other words, the City challenges causation.

–3–

*Id*. at *11. We held – "In light of the absence of evidence from the City that Gunn did not know about Birchett's report, we conclude that the City failed to meet its burden to rebut the presumption of causation under 554.004(a) as to Birchett's termination claim. Under such circumstances, Birchett was not required to come forward with his own evidence that Gunn knew of Birchett's reports when he terminated him when Birchett responded to the City's plea." *Id*. at *12.

In its *second* plea to the jurisdiction, filed more than one year after this Court's opinion issued affirming the denial of its first plea, the City asserted Birchett cannot establish causation in the absence of Gunn's knowledge and Gunn's testimony rebuts any presumption that Birchett was terminated for the report he filed. The City explains in its second plea the difference between the first and second pleas as follows:

> This plea differs from the City's first Plea because in filing this Plea, the City heeds the rulings of this Court and the Dallas Court of Appeals on the first Plea that affirmative evidence showing the decision- maker's lack of knowledge of Birchett's alleged reports was necessary. That evidence is provided in support of this Plea.

The City asserts the first plea addressed the "presumption of causation" while the second plea addressed the "ultimate issue regarding causation and provided proof that the decision-maker, Kevin Gunn, did not know about Birchett's alleged reports."

Birchett disputes the City's characterization of its second plea. As support, it quotes the following language from the City's brief in the first appeal:

–4–

The evidence establishes that Birchett was terminated for failing to ensure compliance with applicable guidelines and there is no evidence in the record that the decision-maker believed Birchett had reported violations of law to a law enforcement authority, therefore, there is no evidence supporting a causal-connection between the alleged statements and Birchett's termination.

At the hearing on the second plea, counsel for Birchett argued that the City cannot go back and try to fix the errors it made the first time around (ie. – failing to rebut the presumption that termination was the result of the reports of violations Birchett had made.). We agree.

We conclude both pleas challenged the sufficiency of the evidence on causation. Moreover, we addressed the issue of causation in the first appeal. Accordingly, we hold the City's second plea to the jurisdiction is nothing more than a motion to reconsider the denial of its first plea to the jurisdiction. Because an interlocutory appeal is not available in such circumstance, we dismiss the appeal for want jurisdiction. *See* TEX. R. APP. P. 42.3(a).

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

221170F.P05

–5–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CITY OF FORT WORTH, Appellant

No. 05-22-01170-CV     V.

WILLIAM BIRCHETT, Appellee

On Appeal from the 162nd Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-19-06941. Opinion delivered by Chief Justice Burns. Justices Molberg and Goldstein participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee WILLIAM BIRCHETT recover his costs of this appeal from appellant CITY OF FORT WORTH.

Judgment entered February 3, 2023