**Opinion issued August 27, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00405-CV

———————————

**GILBERT PENA, CYNTHIA H. PENA, AND MARK A. PENA, Appellants**

**V.**

**FLEXSTEEL PIPELINE TECHNOLOGIES INC., TRAVELERS "THE PHOENIX INSURANCE COMPANY," ESURANCE INSURANCE COMPANY, AND MARCO A. DUNON-SIGISMONDI, Appellees**

---

**On Appeal from the County Court at Law No. 2**
**Waller County, Texas**
**Trial Court Case No. CV24-02-1030**

---

## MEMORANDUM OPINION

Appellants attempt to appeal the trial court's May 21, 2024 order denying appellant Gilbert Pena's motion for summary judgment on claims against one of the defendants in the underlying case. We dismiss the appeal.

Generally, appellate courts have jurisdiction only over appeals from final judgments unless a statute authorizes an interlocutory appeal. *CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *see N.Y. Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 679–80 (Tex. 1990) (citing N.E. *Indep. Sch. Dist. v. Aldridge*, 200 S.W.2d 893, 895 (Tex. 1966) ("In the absence of a special statute making an interlocutory order appealable, a judgment must dispose of all issues and parties in the case . . . to be final and appealable."). An order denying a summary judgment motion is not a final judgment and, absent certain exceptions not applicable here, is not an appealable interlocutory order. *See Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996); *City of Houston v. Aster, L.P.*, 403 S.W.3d 354, 357 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). Thus, we lack jurisdiction over appellants' attempted appeal of the trial court's May 21, 2024 order. *See In re M.G.*, No. 01–05–00426–CV, 2006 WL 1549754, at *1 (Tex. App.—Houston [1st Dist.] June 8, 2006, no pet.) (mem. op.) ("When a party attempts to appeal a non-appealable interlocutory order, appellate courts have no jurisdiction except to declare the interlocutory nature of the order and to dismiss the appeal.") (citations omitted).

On August 6, 2024, the Clerk of this Court notified appellants that their appeal was subject to dismissal for lack of jurisdiction unless a written response was provided within ten days demonstrating that this Court has jurisdiction over the appeal. *See* TEX. R. APP. P. 42.3(a), 43.2(f). Appellants did not adequately respond.

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Goodman, Guerra, and Farris.