# IN THE SUPREME COURT OF TEXAS

════════════
No. 10-0755
════════════

THE CITY OF HOUSTON, PETITIONER,

v.

THE ESTATE OF KENNETH SAMUEL JONES, DECEASED, RESPONDENT

════════════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTEENTH DISTRICT OF TEXAS
════════════════════════════════════════════════════════

**PER CURIAM**

The City of Houston was sued and filed a plea to the jurisdiction. When its plea was denied, the City did not appeal. Several months later it filed an amended plea to the jurisdiction, then filed this interlocutory appeal from the denial of its amended plea. The court of appeals dismissed part of the appeal, but considered the merits of part of it.

The issue presented is whether the court of appeals properly exercised jurisdiction over part of the appeal. We hold that because the amended plea was substantively the same as the earlier plea, the amended plea was a motion to reconsider the earlier plea and time had expired for interlocutory appeal from it. Accordingly, the court of appeals erred by failing to dismiss the entire appeal for lack of jurisdiction.[1]

---

[1] Judgments of courts of appeals are ordinarily conclusive on interlocutory appeal, but we have jurisdiction to consider whether the court of appeals had interlocutory jurisdiction. *Univ. of Tex. Sw. Med. Ctr. of Dallas v. Margulis*, 11 S.W.3d 186, 187 (Tex. 2000) (per curiam).

The City of Houston issued a demolition permit to a neighbor of Kenneth S. Jones. While performing work under the permit the neighbor destroyed part of Jones's home. Jones sued the City and they eventually filed an agreed motion for continuance in which they stated they had resolved Jones's claim, but that implementation of the agreement had been delayed. Seven months later Jones amended his petition, omitted his original claims, and instead asserted that the City breached the settlement agreement.

The City filed a plea to the jurisdiction. The trial court denied the plea and the court of appeals affirmed, holding that the "sue and be sued" language in the City charter waived the City's immunity from suit. *City of Houston v. Jones*, 2004 WL 1847965 (Tex. App.—Houston [1st Dist.] Aug. 19, 2004). This Court reversed, holding that the City charter language did not waive the City's immunity from suit. *City of Houston v. Jones*, 197 S.W.3d 391, 392 (Tex. 2006) (per curiam). We remanded the case to the trial court to give Jones the opportunity to argue that immunity was waived either under recently enacted sections of the Local Government Code or under the holding of *Texas A & M University-Kingsville v. Lawson*, 87 S.W.3d 518, 522-23 (Tex. 2002), where we addressed waivers of immunity for breach of a settlement agreement. *Jones*, 197 S.W.3d at 392.

On remand the City filed another plea to the jurisdiction ("2006 plea"). In it the City argued that its immunity for breach of a settlement agreement was not waived under *Lawson* because its immunity from suit on the underlying claims had not been waived. It also argued that its immunity was not waived by Local Government Code section 271.152 because the settlement agreement was neither an agreement for providing goods or services to the City nor was it properly executed on behalf of the City as required by that section. *See* TEX. LOC. GOV'T CODE § 271.152.

2

Jones maintained that the City's immunity was waived under *Lawson*, but did not at any time assert it was waived by section 271.152. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 230 (Tex. 2004) ("[T]he party suing the governmental entity must establish the state's consent, which may be alleged either by reference to a statute or to express legislative permission."). To the contrary, Jones affirmatively agreed that section 271.152 did not waive the City's immunity because that section only applies to contracts for providing goods or services. He also requested a ruling on his previously filed motion for partial summary judgment as to the City's liability for breach of contract.

The trial court implicitly denied the City's plea to the jurisdiction by granting partial summary judgment to Jones on the issue of liability and setting the case for trial on the issue of damages. *See Thomas v. Long*, 207 S.W.3d 334, 339-40 (Tex. 2006). The City did not appeal.

Jones died and the case was transferred to probate court. There, the City filed a motion for summary judgment and an amended plea to the jurisdiction. In its amended plea the City relied on the same bases as it did in its 2006 plea, but presented the additional argument that section 271.152 did not waive the City's immunity because the agreement did not state its essential terms, as was required by that section. Jones's estate[2] ("Jones" for ease of reference), which still had not asserted that section 271.152 waived the City's immunity, responded and agreed—as Jones had in response to the 2006 plea—that section 271.152 did not waive the City's immunity because it applies only to contracts for providing goods or services. Jones also asserted that the City presented no new facts

---

[2] Robert Bewley was appointed administrator of Jones's estate and is the estate's representative, although the style of the case references the Estate of Jones as the named party.

or law to justify reconsideration of its 2006 plea. The Probate Court denied the City's motion for summary judgment and, construing the City's amended plea as a motion to reconsider the 2006 plea, denied it.

The City filed an interlocutory appeal. Jones sought dismissal of it for lack of jurisdiction. The court of appeals agreed with Jones in part. It determined that the portion of the amended plea that re-urged the arguments asserted in the 2006 plea was a motion to reconsider the ruling on the earlier plea, the City had not appealed the denial of the 2006 plea and it was too late to do so, and the court of appeals did not have jurisdiction over those arguments. 321 S.W.3d 668, 670-71 (citing TEX. CIV. PRAC. & REM. CODE § 51.014). But it held that it had jurisdiction over the "new" ground that immunity was not waived under section 271.152 because the contract did not state the essential terms of the agreement. *Id.* It overruled the issue because the City did not show that the other grounds for waiver could not support the trial court's order. *Id.*

Here, the City asserts the court of appeals erred by concluding that it could not consider all the issues raised in the amended plea to the jurisdiction. Jones responds that the court of appeals lacked interlocutory jurisdiction over any part of the appeal because the City did not raise a new issue in the amended plea. We agree with Jones.

Appellate courts generally have jurisdiction only over appeals from final judgments. *See Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001). A party may appeal from certain interlocutory orders such as the denial of a governmental entity's plea to the jurisdiction. TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8). But to do so, a notice of appeal must be filed within twenty days of the date the challenged order was signed. TEX. R. APP. P. 26.1(b), 28.1(a).

4

Section 51.014(a)(8) permitting interlocutory appeals must be construed so as to give effect to the Legislature's intent. *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 845 (Tex. 2007). It specifies that "[a] person may appeal from an interlocutory order . . . that . . . grants or denies a plea to the jurisdiction by a governmental unit." TEX. CIV. PRAC. & REM. CODE § 51.014. We have construed "plea to the jurisdiction" in Section 51.014(a)(8) to refer to a substantive claim of immunity rather than to a particular type of procedural vehicle. *Koseoglu*, 233 S.W.3d at 845. But we also "strictly construe Section 51.014(a) as 'a narrow exception to the general rule that only final judgments are appealable.'" *Id.* at 841 (quoting *Jackson*, 53 S.W.3d at 353 (Tex. 2001)).

In *Jackson*, we considered whether an interlocutory appeal could be taken from a trial court's denial of a motion to decertify a class under the provision permitting an interlocutory appeal from an "order certifying or refusing to certify a class." 53 S.W.3d at 353 (quoting TEX. CIV. PRAC. & REM. CODE § 51.014(a)(3)). We concluded that the court of appeals did not have jurisdiction over the appeal from the orders overruling motions to decertify in that case. *Id.* at 353. We recognized that under *De Los Santos v. Occidental Chemical Corp.*, 933 S.W.2d 493, 495 (Tex. 1996), an interlocutory appeal may be taken from an order related to class certification that was not actually an order certifying or refusing to certify a class if the order altered a class's fundamental nature.[3] But we disagreed with the dissent's analysis that "any order denying a motion for reconsideration of a class certification" would be subject to interlocutory review. *Jackson*, 53 S.W.3d at 356. A trial court's refusal to decertify was not the functional equivalent of a decision granting certification; the

---

[3] We need not decide if a court of appeals has jurisdiction over an interlocutory appeal from a ruling on a motion to reconsider the denial of a plea to the jurisdiction when a substantial change in the situation in the trial court occurred after the plea was denied. Neither party argues that such a change occurred here.

5

Legislature could have added language to section 51.014(a)(3) to permit appeals from orders refusing to decertify a class, but did not. *Id.* at 358. Further, "[a]llowing interlocutory appeals whenever a trial court refuses to change its mind . . . would invite successive appeals and undermine the statute's purpose of promoting judicial economy." *Id.*

Our reasoning in *Jackson* applies to motions to reconsider the denial of a plea to the jurisdiction. *See Denton Cnty. v. Huther*, 43 S.W.3d 665, 667 & n.2 (Tex. App.—Fort Worth 2001, no pet.) (holding that it did not have jurisdiction over an interlocutory appeal from the denial of a motion to reconsider a plea to the jurisdiction because even though lack of jurisdiction is fundamental error, a court may only correct fundamental error when it has jurisdiction to do so). The City's assertion of a new reason for saying that section 271.152 did not waive its immunity failed to address a contested issue or raise an issue the City did not assert in its 2006 plea. The City's new argument for why section 271.152 did not waive its immunity was form without substance. And the remainder of its amended plea was not different in its essence from the 2006 plea.

Permitting appeals under circumstances such as these would effectively eliminate the requirement that appeals from interlocutory orders must be filed within twenty days after the challenged order is signed. *See* TEX. R. APP. P. 26.1(b), 28.1(a); *In re K.A.F.*, 160 S.W.3d 923, 925 (Tex. 2005) ("[T]he language of rule 26.1(b) is clear and contains no exceptions to the twenty-day deadline."). That would work against the main purpose of the interlocutory appeal statute, which is to increase efficiency of the judicial process. *See Koseoglu*, 233 S.W.3d at 845.

Because the City made a new argument in its amended plea to the jurisdiction, but did not assert a new ground, the amended plea was substantively a motion to reconsider the denial of its

2006 plea.  The court of appeals did not have jurisdiction to consider any part of the merits of the interlocutory appeal.

Without hearing oral argument, TEX. R. APP. P. 59.1, we affirm that part of the court of appeals' judgment dismissing part of the appeal.  We reverse that part of the judgment affirming part of the trial court's order and dismiss that part of the appeal, also.


**OPINION DELIVERED:**  December 21, 2012