**Concurring Opinion issued February 21, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00728-CV

———————————

## IN RE SANTANDER CONSUMER USA, INC., Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

### CONCURRING OPINION

I respectfully concur in the denial of the petition for writ of mandamus filed by relator Santander Consumer USA, Inc. I would deny the petition on the ground that Texas Civil Practice and Remedies Code section 51.016, allowing an interlocutory appeal of an order denying a motion to compel arbitration under the Federal Arbitration Act ("FAA"), provides Santander a plain, adequate, and complete remedy for the trial court's allegedly wrongful denial of its motion to

compel; Santander failed to timely avail itself of its remedy and therefore waived it. The majority holds—correctly, in my opinion—that mandamus does not lie under the circumstances of this case. But, in the mistaken belief that it must either "state a blanket rule that mandamus is never available when a party does not take an interlocutory appeal from an order denying a motion to compel arbitration" or "consider only the circumstances presented by this case and . . . make a narrow holding that Santander has not demonstrated it entitlement to the writ here," slip op. at 12, it refuses to rule that section 51.016 provides an adequate remedy by appeal for a litigant who, like Santander, fails to meet the statutory deadline for filing an interlocutory appeal without any showing of legal or factual excuse. *See* Slip. Op. 11.

When, as here, a court refuses to make a rule applicable under the circumstances of a case and justifies its refusal to rule on the ground that it cannot make a rule applicable in all cases under all circumstances, its justification is an advisory opinion on an abstract question of law. This type of opinion is expressly forbidden by both the United States Constitution and by the Texas Supreme Court. *See* U.S. CONST. art. III, § 2, cl. 1; *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993) (applying Article III to Texas cases; stating, "The distinctive feature of an advisory opinion is that it decides an abstract question of law without binding the parties"; holding that opinion is advisory when, "rather

2

than remedying actual or imminent harm, the judgment addresses only a hypothetical injury"; and concluding that, to comport with Article III's limitation of judicial power to "cases" and "controversies," court may hear case only when litigant has been threatened with or has sustained injury). The United States Supreme Court explains the constitutional basis for the rule in *Cohens v. Virginia*, stating,

> It is a maxim not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. . . . The reason for this maxim is obvious. The question actually before the Court is investigated with care, and considered in its full extent. Other principles which may serve to illustrate it, are considered in their relation to the case decided, but their possible bearing on all other cases is seldom completely investigated.

19 U.S. (6 Wheat.) 264, 399–400 (1821). Moreover, in this case, the law is thrown into confusion and litigants are erroneously invited to submit each case in which a motion to arbitrate under the FAA is denied by both interlocutory appeal and mandamus—exactly the problem the interlocutory appeal statute was designed to cure.

Because I believe the majority's opinion is advisory and thus violates the "cases and controversies" clause of the Texas and United States Constitutions, introduces a lack of clarity and finality into the law, undermines Civil Practice and Remedies Code section 51.106, and reintroduces the problem solved by the statute by inviting the filing of duplicative mandamuses along with interlocutory appeals

3

when a motion to arbitrate under the FAA is denied by the trial court, I concur in the result only.

The Civil Practice and Remedies Code provides for immediate, interlocutory review of the denial of a motion to compel arbitration under the FAA. TEX. CIV. PRAC. & REM. CODE ANN. § 51.016 (Vernon Supp. 2012) (providing, for cases brought in Texas state courts, "In a matter subject to the [FAA], a person may take an appeal . . . to the court of appeals from the judgment or interlocutory order of a district court, county court at law, or county court under the same circumstances that an appeal from a federal district court's order or decision would be permitted by 9 U.S.C. Section 16."); *see also* 9 U.S.C.S. § 16(a)(1)(C) (LexisNexis 2008) (FAA provision permitting appeals of orders denying application to compel arbitration); *CMH Homes v. Perez,* 340 S.W.3d 444, 448−49 (Tex. 2011) (explaining that section 51.016 provides for interlocutory appeals in FAA cases in Texas state court so long as "it would be permitted under the same circumstances in federal court under section 16"). Santander, however, did not avail itself of its right to appeal the trial court's order under section 51.016. Instead, after the expiration of the statutory deadline for filing an interlocutory appeal, Santander challenged the trial court's order by petition for writ of mandamus.

Under established law, "mandamus will not issue when the law provides another plain, adequate, and complete remedy." *In re Tex. Dep't of Family &*

4

*Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding); *see also In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding) ("Mandamus should not issue to correct grievances that may be addressed by other remedies."). Thus, under the plain letter of the law and the undisputed facts of this case, mandamus may not issue.

As the majority acknowledges, in 1992, the Texas Supreme Court determined that interlocutory appeal of the trial court's denial of a motion for arbitration under the FAA was not available in Texas state court when suit was brought under the Texas Arbitration Act ("TAA") but was found to be preempted by the FAA. *See Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding). The court reasoned that appeal from a Texas court order was a procedural matter not governed by the provisions in the FAA itself. *See id.* The court observed that both the TAA and the FAA permitted an appeal from an interlocutory order granting or denying a request to compel arbitration, but, "[u]nder Texas procedure"—which must be applied by Texas state courts—an order denying arbitration under the FAA did not fall within the statutory exceptions allowing an interlocutory appeal, as would an order denying arbitration under the TAA. *Id.* at 271–72. It determined that mandamus was the appropriate remedy when a party was denied the right to arbitrate in a case filed under the FAA or found to be preempted by the FAA, stating, "Although we can conceive of no

5

benefit from such an unnecessarily expensive and cumbersome rule, we may not enlarge appellate jurisdiction absent legislative mandate." *Id.* at 272.

After well over a thousand cases had been filed in the Texas courts of appeals as both an interlocutory appeal and a duplicative petition for mandamus because of the *Jack B. Anglin* decision, the Legislature finally responded to the problem and closed the gap by enacting Civil Practice and Remedies Code section 51.016, which authorizes interlocutory appeals of suits that are filed in state courts after September 1, 2009 and are brought under the FAA. *See* Act of May 27, 2009, 81st Leg., R.S., ch. 820, § 2, 2009 Tex. Gen. Laws 2061 (codified at TEX. CIV. PRAC. & REM. CODE ANN. § 51.016); *see also Perez*, 340 S.W.3d at 448−49 (explaining that section 51.016 provides for interlocutory appeals in FAA cases so long as "it would be permitted under the same circumstances in federal court under section 16"); SENATE COMM. ON STATE AFFAIRS, BILL ANALYSIS, TEX. S.B. 1650, 81st Leg., R.S. (2009) (noting that purpose of enacting section 51.016 was to alleviate unnecessary expense and burden of parties having to pursue parallel proceedings to seek review of orders denying motions to compel arbitration under TAA and FAA). This is one such case.

Santander does not dispute that section 51.016 confers a right to prosecute an accelerated, interlocutory appeal of the trial court's order denying the motion to compel arbitration in this case. Nor does Santander explain why a timely filed

interlocutory appeal would not have been an adequate remedy in this case. The arbitration provision at issue explicitly designates arbitration pursuant to the FAA; Santander's motion to compel specifically requested arbitration under the FAA; and the parties both stated that arbitration would be conducted under the FAA in their briefing to this Court. Moreover, although the underlying case was filed on December 20, 2011, more than two years after section 51.016's effective date, Santander did not, and has not, offered any explanation for why it failed to timely file a notice of accelerated, interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.016.

Santander argues only that because section 51.016 does not *require* an interlocutory appeal of the trial court's order, but states that a party *may* file an interlocutory appeal, Santander may also pursue mandamus relief. In support of its argument, it cites to supreme court authority predating the enactment of section 51.016. *See* Act of May 27, 2009, 81st Leg., ch. 820, § 2, 2009 Tex. Gen. Laws 2061 (stating law becomes effective on September 1, 2009); *see, e.g.*, *In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 780 (Tex. 2006) (orig. proceeding); *Jack B. Anglin*, 842 S.W.2d at 272. The authority cited by Santander is thus inapplicable because it has been superseded by the statute that the real party in interest alleges provides an adequate remedy by appeal in this case—section 51.016.

7

The supreme court recognized mandamus as the appropriate remedy for the wrongful denial of motions to compel arbitration under the FAA only because, prior to the enactment of section 51.016, there was no alternative appellate remedy. *See In re Reece*, 341 S.W.3d 360, 374−75 (Tex. 2011) (orig. proceeding); *Jack B. Anglin*, 842 S.W.2d at 272. Thus, mandamus functioned as a "statutory 'gap-filler.'" *Reece*, 341 S.W.3d at 395 (Willett, J., dissenting). This case is, however, clearly distinguishable from the cases in which parties challenging the denial of a motion to compel arbitration under the FAA were granted mandamus relief in the past because the statutory gap with respect to the availability of immediate appellate review no longer exists. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.016. Thus, unlike the parties seeking relief before section 51.016's enactment, Santander had an avenue for immediate appellate review of the trial court's order denying its motion to compel arbitration under the FAA. *See id.* ("In a matter subject to the [FAA], a person may take an appeal . . . to the court of appeals from the judgment or interlocutory order of a district court, county court at law, or county court under the same circumstances that an appeal from a federal district court's order or decision would be permitted by 9 U.S.C. Section 16."); 9 U.S.C.S. § 16(a)(1)(C) (permitting appeals of orders denying application to compel arbitration); *see also* TEX. R. APP. P. 29.3 (authorizing appellate courts to "make

8

any temporary orders necessary to preserve the parties' rights until disposition of the [interlocutory] appeal . . . .").

As the majority notes, the other courts of appeals that have been presented with the issue in this case since section 51.016 was enacted have dismissed petitions for writ of mandamus challenging the trial court's denial of arbitration under the FAA, citing section 51.016 without substantive discussion of the change in the law. *See, e.g.*, *In re H.D. Vest, Inc.*, 334 S.W.3d 333, 334 (Tex. App.—El Paso 2010, orig. proceeding) (denying petition for writ of mandamus because section 51.016 afforded relator appellate review of order denying motion to compel arbitration under FAA); *In re Green Tree Servicing, LLC*, No. 04-12-00277-CV, 2012 WL 1744264, at *1 (Tex. App.—San Antonio May 16, 2012, orig. proceeding) (mem. op.) (same); *In re Tutle & Tutle Trucking, Inc.*, No. 05-10-01234-CV, 2010 WL 3946443, at *1 (Tex. App.—Dallas Oct. 11, 2010, orig. proceeding) (same); *In re Unit Tex. Drilling, LLC*, No. 13-10-00267-CV, 2010 WL 2696603, at *1 (Tex. App.—Corpus Christi July 6, 2010, orig. proceeding) (mem. op.) (same). Like the other courts that have considered this issue, I would conclude that Santander had a fully adequate appellate remedy in the form of an interlocutory appeal pursuant to section 51.016 that it failed to exercise. Therefore, I would hold that Santander is not entitled to a writ of mandamus.

In my view, the majority radically mistakes the question in this case. The question is not whether mandamus will ever lie under some circumstances not present here when a party has missed the deadline for filing an interlocutory appeal under section 51.016. The real question is whether section 51.016 provides an adequate and complete remedy by appeal when a trial court has denied a motion to compel arbitration under the FAA. The answer is "yes." Santander failed to comply with the terms of the statute. Therefore, as in any other case, it lost its remedy through its own fault and may not, by its wrongful action, secure a different one through mandamus. The majority correctly holds that Santander is not entitled to mandamus on the facts of this case. But by misstating the question presented by the case as a global one, and not a particular one, and then by proceeding to answer the question posed by the case by refusing to establish a rule applicable to the particular circumstances presented by this case and going on to advise that it *might* grant mandamus under circumstances not presented by this case, the majority writes an improper advisory opinion. The mischief done, however, does not stop with this case. Permitting mandamus under the circumstances presented in this case, as Santander requests—or in any materially similar case—would effectively eliminate the requirement that appeals from interlocutory orders must be filed within twenty days after the challenged order is signed and would work against the "main purpose of the interlocutory appeal

10

statute, which is to increase efficiency of the judicial process." *City of Houston v. Estate of Jones*, No. 10-0755, 2012 WL 6634065, at *4 (Tex. Dec. 21, 2012) (construing Civil Practice and Remedies Code section 51.014(a)(8)) (citing TEX. R. APP. P. 26.1(b), 28.1(1), and *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 845 (Tex. 2007)). By refusing to hold that section 51.016 provides an adequate remedy by appeal for a complaint that a party was wrongfully denied arbitration under the FAA, the majority vitiates the certainty of the interlocutory appeal statute in a class of cases in which its terms are clearly violated. It also commits this Court to an open door policy in which mandamuses will continue to be filed along with interlocutory appeals in the hope that the Court will find that the circumstances of the particular case meet its unannounced criteria for permitting a mandamus in lieu of an interlocutory appeal of denial of a motion to arbitrate, even though it failed to find such circumstances in this case.

The Texas Courts of Appeals are required by Texas Rule of Appellate Procedure 47.1 to decide every issue presented to the court by the parties and necessary for the disposition of the case. *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."). We are also required by our mandate under the United States Constitution to decide

only ripe cases and controversies. *See* U.S. CONST. art. III, § 2, cl. 1; *Cohens*, 19 U.S. (6 Wheat.) at 399–400; *Tex. Ass'n of Bus..*, 852 S.W.2d at 444.

I would hold that Santander had a plain, adequate, and complete appellate remedy for any error made by the trial court in denying its motion to compel arbitration and that it clearly violated the statutory procedures for availing itself of that remedy. Therefore, I would deny the petition for writ of mandamus.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Massengale, and Brown.

Justice Keyes, concurring.