**Dismiss and Opinion Filed July 26, 2013**



**In The**
Court of Appeals
Fifth District of Texas at Dallas

**No. 05-12-01438-CV**

**DOUGLAS J. PAHL, Appellant**
**V.**
**DON SWAIM, P.C., Appellee**

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC 10-16517**

## MEMORANDUM OPINION

Before Justices O'Neill, FitzGerald, and Lang-Miers
Opinion by Justice FitzGerald

This appeal arises from the trial court's denial of appellant's special appearance. Because we conclude the notice of appeal was not timely filed, we dismiss for want of jurisdiction.

## BACKGROUND

Appellees filed the underlying lawsuit on December 21, 2010. Appellant filed a special appearance on April 4, 2011, but did not set it for hearing. Appellees set the special appearance for a hearing on three occasions. On the day before the first two settings, appellant requested and was granted a continuance. Although appellant also requested a continuance before the third and final setting, the trial court denied the motion.

The trial court conducted a hearing on the special appearance, and on July 6, 2012 signed an order denying appellant's special appearance. On August 9, 2012, appellant filed a document entitled "motion to reconsider defendants' special appearance and amended and restated special

appearance." At a hearing on September 24, 2012, the trial court entered an order denying the "motion to reconsider defendant's special appearance." On October 15, 2012, appellant filed a notice of appeal. The notice states, "after denial of his motion to reconsider and amended and restated special appearance, [appellant] gives notice of his accelerated appeal from that certain order denying [his] special appearance signed on September 24, 2012."

Concerned that we lacked jurisdiction over this appeal, we requested jurisdictional briefing, and upon receipt, tentatively concluded the court had jurisdiction. Having fully considered the jurisdictional issue, we conclude for the reasons that follow the Court lacks jurisdiction over this appeal.

## DISCUSSION

An order granting or denying a special appearance is an interlocutory, appealable order. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(7) (West Supp. 2012). Interlocutory appeals are accelerated. TEX. R. APP. P. 28.1. A notice of appeal in an accelerated appeal must be filed within twenty days after the interlocutory order is signed. TEX. R. APP. P. 26.1(b).

In the present case, the order denying the special appearance was signed on July 6, 2012. The notice of appeal was due on July 26, 2012. *See* TEX. R. APP. P. 26.1(b). Appellant did not file his notice of appeal until October 15, 2012, and did not request an extension of time.

Appellant maintains his "first" special appearance was not presented at the July 6 hearing, and "by conducting the September 18, 2012 hearing and receiving evidence and argument," the trial court afforded him the opportunity to be heard on the special appearance. The record reflects, however, that the trial judge expressly declined to re-open the evidence. The judge permitted appellant to admit the affidavit attached to his initial special appearance because she stated she had considered the affidavit in ruling on the special appearance. And the judge allowed the admission of appellant's amended affidavit because she noted that it was not

–2

significantly different from the first. But there is no indication the court reconsidered the special appearance on the merits. Indeed, the order makes clear the court denied the motion for reconsideration.

Appellant argues the order designated in his notice of appeal must be "viewed in terms of substance," rather than the label assigned to it. While this proposition is generally true, here, the title of the order is indicative of its substance. The title of the order states that it is a denial of appellant's motion for reconsideration. The body of the order states the court heard and considered the motion to reconsider the special appearance, and that such motion is denied. Thus, the substance of the order reflects that the court declined reconsideration of appellant's special appearance.

Interlocutory orders may be appealed only if permitted by statute and only to the extent jurisdiction is conferred by statute. *See Ogletree v. Matthews*, 262 S.W.3d 316, 319 n.1 (Tex. 2007). Statutes authorizing interlocutory appeals are strictly construed because they are a narrow exception to the general rule that interlocutory orders are not immediately appealable. *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). An order denying a motion for reconsideration is not an immediately appealable order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(7); *Diggs v. Knowledge Alliance, Inc*, 176 S.W.3d 463, 464 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (stating court lacked jurisdiction over interlocutory appeal because motion to reconsider order granting special appearance is not "independently appealable"); *see also Denton Cnty v. Huther*, 43 S.W.3d 665, 667 (Tex. App.—Fort Worth 2001, no pet.) (holding order denying motion to reconsider and renewed plea to the jurisdiction not an appealable interlocutory order). As the supreme court has observed, "allowing interlocutory appeals whenever a trial court refuses to change its mind . . . would invite successive appeals and

–3

undermine the statute's purpose in promoting judicial economy." *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 355, 358 (Tex. 2001).

Finally, appellant argues that the rules permit an amendment to a special appearance. *See* TEX. R. CIV. P. 120a. But the rule is more specific than appellant's argument suggests. Read in its proper context, the rule provides for amendment to a special appearance to cure defects.[1] Here, the amendment did not cure a defect. Instead, the amended affidavit simply added more facts, and as the trial judge observed, was not materially different from the original. Ultimately, however, the issue is not whether appellant had the right to amend the special appearance, but rather the effect of such an amendment on the appellate timetable.

In *City of Houston v. Estate of Jones*, 388 S.W.3d 663, 667 (Tex. 2012) (per curium), the supreme court answered this question in connection with a plea to the jurisdiction. Specifically, the court considered the deadline to appeal an order denying a plea to the jurisdiction when an amended plea had been filed. The court concluded the appellate deadline should be calculated from the date of the original order rather than a second order denying the subsequent plea. *Id.* In reaching its conclusion, the court noted that the renewed plea was "substantially a motion to reconsider the denial of [the original] plea." *Id.* Because the interlocutory appeal was based on the denial of the amended plea, the court concluded it was not timely and the appellate court lacked jurisdiction over the appeal. *Id.* The court observed that "[p]ermitting appeals under circumstances such as these would effectively eliminate the requirement that appeals from interlocutory orders must be filed within twenty days after the challenged order is signed." *Id.* (citations omitted). The right to an interlocutory appeal in a plea to the jurisdiction arises under the same statutory authority as the right to appeal a special appearance; therefore, we see no

---

[1] TEX. R. CIV. P. 120a provides, in pertinent part, that a special appearance "shall be made by sworn motion filed prior to motion to transfer venue or any other plea . . . and may be amended to cure defects . . . ."

reason why this rationale would not apply with equal force in the case at bar. *See* TEX. CIV. PRAC. & REM. CODE ANN. §51.014(a) (7), (8).

We are to construe the rules of appellate procedure reasonably and liberally so that the right to appeal is not lost by imposing requirements not absolutely necessary to effectuate the purpose of a rule. *See Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997). Nevertheless, we are prohibited from enlarging the scope of our jurisdiction by enlarging the time for perfecting an appeal in a civil case in a manner not provided for by rule. *See* TEX. R. APP. P. 2; *In re T.W.*, 89 S.W.3d 641, 642 (Tex. App.—Amarillo 2002, no pet.). Because this Court is not authorized to extend the time for perfecting an appeal except as provided by Texas Rules of Appellate Procedure 26.1 and 26.3, and appellant's notice of appeal was not timely filed, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).


121438F.P05

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DOUGLAS J. PAHL, Appellant

No. 05-12-01438-CV      V.

DON SWAIM, P.C., Appellee

On Appeal from the 191st Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC 10-16517.
Opinion delivered by Justice FitzGerald.
Justices O'Neill and Lang-Miers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellee DON SWAIM, P.C. recover his costs of this appeal from appellant DOUGLAS J. PAHL.

Judgment entered July 26, 2013

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

–6