**Dismissed and Opinion Filed November 21, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00617-CV

**MICHELIN NORTH AMERICA, INC., Appellant**

**V.**

**MOISES GALLEGOS, INDIVIDUALLY AND AS HEIR AND AS BYSTANDER AND AS STATUTORY BENEFICIARY OF HIS MOTHER, MARIA LUISA GALLEGOS, DECEASED, AND AS REPRESENTATIVE OF THE ESTATE OF MARIA LUISA GALLEGOS, DECEASED; THE ESTATE OF MARIA LUISA GALLEGOS, DECEASED; CLAUDIO GALLEGOS AS HEIR AND AS STATUTORY BENFICIARY OF HIS MOTHER, MARIA LUISA GALLEGOS; ROSA ISELA RAMIREZ AS HEIR AND AS STATUTORY BENEFICIARY OF HER MOTHER, MARIA LUISA GALLEGOS; NORA ELIA GALLEGOS AS HEIR AND AS STATUTORY BENEFICIARY OF HER MOTHER, MARIA LUISA GALLEGOS; JUAN JOSE GALLEGOS AS HEIR AND AS STATUTORY BENEFICIARY OF HIS MOTHER, MARIA LUISA GALLEGOS; LEYDI ELENA GALLEGOS AS HEIR AND AS STATUTORY BENEFICIARY OF HER MOTHER, MARIA LUISA GALLEGOS; AND SILVIA GALLEGOS AS HEIR AND AS STATUTORY BENEFICIARY OF HER MOTHER, MARIA LUISA GALLEGOS, Appellees**

### On Appeal from the 192nd Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-15-05478

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Francis, and Justice Stoddart
Opinion by Justice Stoddart

This is an appeal from an amended order denying appellant's special appearance. The original order was signed November 9, 2016 and was not appealed. The amended order followed appellant's "motion to amend order and for reconsideration" and was signed May 18, 2017. It was appealed June 6, 2017, within twenty days from when it was signed.

Although an appeal from an order denying a special appearance must be filed within twenty days of the signing of the order, appellees have moved to dismiss the appeal as untimely. *See Digges v. Knowledge Alliance, Inc.*, 176 S.W.3d 463, 463 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (op. on reh'g) (per curiam). Appellees assert the notice of appeal should have been filed within twenty days of the date the original order was signed, and because it was not, this Court lacks jurisdiction. *See Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545 (Tex. App.—Dallas 2009, no pet.) (op. on reh'g) (timely filing of notice of appeal is jurisdictional).

An order denying a special appearance is an interlocutory order made appealable by statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(7) (West Supp. 2016). Because statutes authorizing interlocutory appeals are a narrow exception to the general rule that interlocutory orders are not immediately appealable, they are narrowly construed. *See City of Houston v. Estate of Jones*, 388 S.W.3d 663, 666 (Tex. 2012) (per curiam). Their purpose is to increase efficiency of the judicial process and, as such, they generally do not allow for an immediate appeal from an order denying a motion to reconsider an appealable interlocutory order. *See id.* at 667 ("[a]llowing interlocutory appeals whenever a trial court refuses to change its mind . . . would invite successive appeals and undermine the statute's purpose of promoting judicial economy.") (quoting *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 356 (Tex. 2001)). However, when the motion to reconsider an appealable interlocutory order raises a new ground, an order denying the motion is independently and immediately appealable. *See id.*; *see also City of Magnolia 4A Econ. Dev. Corp v. Smedley*, No. 16-0718, 2017 WL 4848580 *3-5 (Tex. Oct. 27, 2017) (per curiam).

The record here reflects the issue in the special appearance was whether the trial court could exercise specific jurisdiction over appellant. *See Michiana Easy Livin' Country, Inc. v.*

*Holten*, 168 S.W.3d 777, 794-95 (Tex. 2005). Appellant's motion to amend and reconsider did not present any new arguments. Instead, it cited to decisions issued after the original order was signed, none of which changed the state of the law regarding specific jurisdiction.

Because the motion to amend and reconsider presented no new argument, we conclude the amended order denying appellant's special appearance was not independently appealable and agree with appellees that appellant should have filed its notice of appeal within twenty days of the signing of the original order. Accordingly, we grant appellees' motion and dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).


170617F.P05                                          /Craig Stoddart/
                                                     CRAIG STODDART
                                                     JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MICHELIN NORTH AMERICA, INC., Appellant

No. 05-17-00617-CV      V.

MOISES GALLEGOS, INDIVIDUALLY AND AS HEIR AND AS BYSTANDER AND AS STATUTORY BENEFICIARY OF HIS MOTHER, MARIA LUISA GALLEGOS, DECEASED, AND AS REPRESENTATIVE OF THE ESTATE OF MARIA LUISA GALLEGOS, DECEASED; THE ESTATE OF MARIA LUISA GALLEGOS, DECEASED; CLAUDIO GALLEGOS AS HEIR AND AS STATUTORY BENFICIARY OF HIS MOTHER, MARIA LUISA GALLEGOS; ROSA ISELA RAMIREZ AS HEIR AND AS STATUTORY BENEFICIARY OF HER MOTHER, MARIA LUISA GALLEGOS; NORA ELIA GALLEGOS AS HEIR AND AS STATUTORY BENEFICIARY OF HER MOTHER, MARIA LUISA GALLEGOS; JUAN JOSE GALLEGOS AS HEIR AND AS STATUTORY BENEFICIARY OF HIS MOTHER, MARIA LUISA GALLEGOS; LEYDI ELENA GALLEGOS AS HEIR AND AS STATUTORY BENEFICIARY OF HER MOTHER, MARIA LUISA GALLEGOS; AND SILVIA GALLEGOS AS HEIR AND AS STATUTORY BENEFICIARY OF HER MOTHER, MARIA LUISA GALLEGOS, Appellees

On Appeal from the 192nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-15-05478.
Opinion delivered by Justice Stoddart. Chief Justice Wright and Justice Francis participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** appellees Moises Gallegos, Individually and as Heir and as Bystander and as Statutory Beneficiary of His Mother, Maria Luisa Gallegos, Deceased, and as Representative of the Estate of Maria Luisa Gallegos, Deceased; The Estate of Maria Luisa Gallegos, Deceased; Claudio Gallegos as Heir and as Statutory Beneficiary of His Mother, Maria Luisa Gallegos; Rosa Isela Ramirez as Heir and as Statutory Beneficiary of Her Mother, Maria Luisa Gallegos; Nora Elia Gallegos as Heir and as Statutory Beneficiary of Her Mother, Maria Luisa Gallegos; Juan Jose Gallegos as Heir and as Statutory Beneficiary of His Mother, Maria Luisa Gallegos; Leydi Elena Gallegos as Heir and as Statutory Beneficiary of Her Mother, Maria Luisa Gallegos; and Silvia Gallegos as Heir and as Statutory Beneficiary of Her Mother, Maria Luisa Gallegos recover their costs of this appeal from appellant Michelin North America, Inc.

Judgment entered this 21st day of November, 2017.