

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| The City of El Paso, | § | No. 08-18-00216-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law No. 5 |
| Guadalupe Ramirez, Norma Ramirez, | § | of El Paso County, Texas |
| Ramirez Pecan Farms, LLC, William H. Boutwell, Jackie Boutwell, Raul | § | (TC# 2017-2568) |
| Zamorano, Jr., Amy K. Zamorano, Patricia Wynn, Individually and as Trustee of the | § | |
| Wynn Family Living Trust, Larry Webb, Maria L. Webb, James R. Raley, Yariela | § | |
| G. Raley, Russell T. Sturgeon, Kerry L. Sturgeon, Kenneth A. Johnson and Julie R. | § | |
| Johnson, | § | |
| Appellees. | § | |

## **O R D E R**

This appeal is before the Court to determine whether it has jurisdiction of the City's attempted appeal from an interlocutory judgment on liability. Additionally, we will consider the City's petition for a permissive appeal pursuant to Rules 28.2 and 28.3 of the Texas Rules of Appellate Procedure.

On November 30, 2018, the City filed notice of appeal from the trial court's interlocutory judgment on liability signed on November 15, 2018. The City based its appeal on Section

1

51.014(d) of the Civil Practice and Remedies Code. *See* TEX.CIV.PRAC. & REM.CODE ANN. §51.014(d). On December 3, 2018, the City filed an amended notice of appeal which requested that the notice of appeal be considered as an application for an agreed interlocutory appeal pursuant to Section 51.014(f). *See* TEX.CIV.PRAC. & REM.CODE ANN. §51.014(f). As required by Rules 28.2 and 28.3, the City attached a copy of the interlocutory judgment to the amended notice of appeal. *See* TEX.R.APP.P. 28.2(c)(3), 28.3(e)(2). That same day, the Clerk of the Court notified the parties that the Court intended to dismiss the appeal because the City had not filed a petition for permissive appeal as required by Rule 28.3.

The City responded by filing a second amended notice of appeal on December 5, 2018 clarifying that the City was proceeding under Rules 28.2 and 28.3. The City asserted for the first time that it was also appealing the trial court's denial of its plea to the jurisdiction as permitted by Section 51.014(a)(8) of the Civil Practice and Remedies Code. *See* TEX.CIV.PRAC. & REM.CODE ANN. §51.014(a)(8). After reviewing the second amended notice of appeal, the Court notified the parties by letter that if the City intended to proceed under Rule 28.3, it was required to file an extension motion and petition no later than December 15, 2018. The City timely filed motions seeking an extension of time to file a petition pursuant to both Rules 28.2 and 28.3. The Court granted the City's extension requests and the City timely filed its petition.

We will first address whether we have jurisdiction of this appeal under Section 51.014(a)(8). The trial court denied the City's plea to the jurisdiction by order signed on March 28, 2018, and the City expressly informed the trial court that it would not appeal that decision, but would instead proceed to trial on the issue of liability. After the bench trial, but before the court rendered its decision, the City re-urged its plea to the jurisdiction in a letter to the trial court regarding the procedural path for a potential appeal of the anticipated ruling on liability. The

City's letter requested that if the trial court found that the City was liable that the court deny the City's plea to the jurisdiction so that the City could pursue an appeal under Section 51.014(a)(8), or alternatively, if the court did not believe Section 51.014(a)(8) was applicable, that the court allow an agreed appeal pursuant to Section 51.014(d). The trial court chose the second path because it did not explicitly deny the plea to the jurisdiction but it allowed an appeal pursuant to Section 51.014(d). Even if it could be said that the trial court implicitly denied the City's renewed plea to the jurisdiction, the Supreme Court has held that the deadline for an interlocutory appeal under this statute is not extended by the trial court's denial of a motion to reconsider the prior ruling. *See City of Houston v. Estate of Jones*, 388 S.W.3d 663, 667 (Tex. 2012) (per curiam). The deadline for filing notice of interlocutory appeal under Section 51.014(a)(8) must be strictly construed because it is a narrow exception to the general rule that only final judgments are appealable. *Id.*, 388 S.W.3d at 665. The City's notice of interlocutory appeal under Section 51.014(a)(8) was due to be filed within twenty days after the trial court denied the plea to the jurisdiction on March 28, 2018. The City's notice of appeal filed on November 30, 2018 is untimely and it does not perfect an appeal from the March 28, 2018 order denying the City's plea to the jurisdiction.

The City alternatively relies on both Rules 28.2 and 28.3. The comment to Rule 28.3 states that: "New Rule 28.3 applies only to appeals in cases that were filed in the trial court on or after September 1, 2011. Rule 28.2 applies only to appeals in cases that were filed in the trial court before September 1, 2011." TEX.R.APP.P. 28.3, comment to 2011 amendment. The City's petition states that the suit was originally filed on June 6, 2007. Consequently, Rule 28.3 is inapplicable. The City's petition for permissive appeal pursuant to Rule 28.3 is therefore denied.

The Court finds, however, that the City timely filed its notice of appeal from the November

3

30, 2018 interlocutory judgment pursuant to Rule 28.2(a). *See* TEX.R.APP.P. 28.2(a)(notice of appeal must be filed no later than the 20th day after the trial court signs a written order granting permission to appeal). Further, the City's notice and amended notices of appeal and its petition satisfy the requirements of Rule 28.2(c). *See* TEX.R.APP.P. 28.2(c). The Court grants the City's petition for an agreed interlocutory appeal pursuant to Rule 28.2. The Clerk's Office is directed to file the reporter's record previously received on December 6, 2018. The clerk's record is due to be filed on January 6, 2019. Appellant's brief on the merits will be due twenty days after the clerk's record is filed.

IT IS SO ORDERED this 27th day of December, 2018.

PER CURIAM

Before McClure, C.J., Rodriguez and Palafox, JJ.