

# NUMBER 13-19-00109-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CITY OF ELSA, TEXAS,                                                     Appellant,

v.

JESSE DIAZ,                                                              Appellee.

## On appeal from the 398th District Court
## of Hidalgo County, Texas.

## MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Perkes
### Memorandum Opinion by Justice Perkes

This is the second interlocutory appeal between these parties. In *Diaz v. City of Elsa* (*Diaz I*), we concluded the trial court erred in granting the City's plea to the jurisdiction because, based on the evidence, a unilateral employment contract existed between the parties that fell within the waiver of governmental immunity contained in § 271.152 of the Texas Local Government Code. No. 13-16-00577-CV, 2018 WL 1192623, at \*5 (Tex.

App.—Corpus Christi–Edinburg Mar. 8, 2018, no pet.) (mem. op.) In particular, we rejected the City's contention that the contract was not properly executed by the City. *Id.*

On remand, the City filed separate no-evidence and traditional motions for summary judgment, contending again that the contract was not properly executed. The City filed a notice of interlocutory appeal from the denial of those motions.

Diaz urges the Court to dismiss this second interlocutory appeal for want of jurisdiction, emphasizing that the City's summary judgment motions—the procedural vehicles upon which our interlocutory jurisdiction must be based—constitute motions to reconsider an issue that we previously decided in *Diaz I*. We agree with Diaz and dismiss this appeal for want of jurisdiction.

## I. BACKGROUND[1]

In April 2010, Diaz became the warrants officer in the Elsa Police Department. Later that year, city manager Mike Mesa approached Diaz about becoming the interim police chief, but Diaz expressed concern about the temporary nature of the appointment. After discussing Diaz's concerns with the City's mayor and two council members, Mesa sent Diaz written correspondence (the Mesa Letter) on official City letterhead that: (1) appointed Diaz to the position of interim police chief; and (2) stated that if he was not selected as the permanent chief, he would assume his former position as warrants officer at the corresponding pay level. The mayor and all council members were copied on the Mesa Letter.

Diaz accepted the appointment and performed as the interim police chief for

---

[1] The background will be limited to the facts and procedural history necessary to explain our disposition. For a more detailed background, see our opinion in *Diaz v. City of Elsa*, No. 13-16-00577-CV, 2018 WL 1192623 (Tex. App.—Corpus Christi–Edinburg Mar. 8, 2018, no pet.) (mem. op.).

several months. He subsequently received written correspondence from new city manager, Juan Cedillo, that removed him as interim police chief and terminated his employment because there were no available positions in the Elsa Police Department.

Diaz filed suit alleging, among other things, that he and the City had entered into an employment agreement vis a vis the Mesa Letter and that the City breached the agreement, resulting in damages. The City filed a plea to the jurisdiction, asserting it was immune from suit and no valid waiver of immunity existed. The City attached four exhibits to its plea, including a portion of Mesa's deposition transcript in which he testified that he was authorized as city manager to appoint Diaz as interim police chief. Diaz responded to the City's plea with his own evidence, including portions of Cedillo's deposition transcript in which he confirmed that Mesa had the authority to enter into an employment contract on the City's behalf. Cedillo also testified that city officials, including the city attorney and council members, considered the Mesa Letter to be a binding employment agreement between the City and Diaz. The trial court granted the plea and Diaz filed an interlocutory appeal under § 52.014(a)(8) of the Texas Civil Practice & Remedies Code.

Based on the evidence before us, we concluded that Diaz met his burden to establish that the Mesa Letter "meets each of the five elements required by section 271.151(2) of the local government code." *Id.* at *5. In doing so, we specifically rejected the City's contention that the contract was not properly executed because it was not formally approved by the city council. *Id.*

The City did not file a motion for rehearing or en banc reconsideration with this Court. *See* TEX. R. APP. P. 49. The City also failed to file a petition for review with the Supreme Court of Texas, *see id.* R. 53, and the supreme court denied the City's motion

3

for leave to file an out-of-time petition. *City of Elsa, Texas v. Diaz*, No. 18-0552, order denying motion under Rule 53.7(f) (Tex. June 22, 2018), available at http://www.search.txcourts.gov/Case.aspx?cn=18-0552&coa=cossup.

On remand, the City filed separate no-evidence and traditional motions for summary judgment, each reasserting that the trial court lacks subject matter jurisdiction because the city council did not formally approve the contract. The only additional evidence relied upon by the City was an affidavit by the city secretary in which she implicitly refutes Mesa and Cedillo's prior testimony that Mesa had the authority to enter the contract on the City's behalf. Diaz also moved for partial summary judgment on the City's liability under his breach of contract claim. After the trial court granted Diaz's motion and denied the City's motions, the City filed a notice of interlocutory appeal.

## II. APPLICABLE LAW

Section 51.014(a) of the Texas Civil Practice & Remedies Code provides a narrow set of exceptions to the general rule that only final judgments are appealable, *Tex. A & M. Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 841 (Tex. 2007), including the grant or denial of a plea to the jurisdiction by a governmental unit, TEX. CIV. PRAC. & REM. CODE ANN. § 54.014(a)(8), regardless of the procedural vehicle used to make the jurisdictional challenge. *Thomas v. Long*, 207 S.W.3d 334, 339 (Tex. 2006) (concluding that a motion for summary judgment challenging the trial court's subject matter jurisdiction is subsumed under § 54.014(a)(8)).

Although § 54.014(a) does not expressly limit a party to one interlocutory appeal, the right to successive interlocutory appeals is not without limits. *Scripps NP Operating, LLC v. Carter*, 573 S.W.3d 781, 789 (Tex. 2019). Consistent with the § 54.014(a)'s

4

purpose of promoting judicial economy, a court of appeals does not have interlocutory jurisdiction to entertain a second challenge to the trial court's jurisdiction that merely constitutes a motion to reconsider the first challenge. *City of Houston v. Estate of Jones*, 388 S.W.3d 663, 667 (Tex. 2007) (per curiam) (citing *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 358 (Tex. 2001)). In other words, the subsequent challenge must be "new and distinct." *City of Magnolia 4A Econ. Dev. Corp. v. Smedley*, 533 S.W.3d 297, 301 (Tex. 2017) (per curiam) (citing *Jones*, 388 S.W.3d 663 at 667). In making this determination, courts of appeals should compare both the substance and procedural nature of the two challenges. *Id.* at 300–01. For example, a plea to the jurisdiction based on the plaintiff's pleading and a subsequent motion for summary judgment based on the existence of jurisdictional facts may be sufficiently different even though they rely on the same jurisdictional theories. *Id.* at 301.

## III. ANALYSIS

In this case, the City's motions for summary judgment were substantively and procedurally identical to an argument previously raised by the City in *Diaz I*. As we explained in *Diaz I*: "[T]he City of Elsa argues that the Mesa Letter was not executed by the City 'at a lawfully convened meeting pursuant to the Texas Open Meetings Act' and because it was not approved at an official meeting by the Elsa City Council, the contract was not properly executed." 2018 WL 1192623, at *5. In rejecting the City's contention, we did not rely on the allegations in Diaz's petition; instead, we reviewed the evidence submitted by both parties, including Mesa's testimony that he was authorized to execute the contract on the City's behalf. *Id.*

Nevertheless, on remand, the City filed a motion for summary judgment contending

that there is no evidence that the city council formally approved the contract, followed by a traditional motion for summary judgment in which the City attempted to affirmatively establish this fact through an affidavit by the city secretary. The City's traditional motion states:

> [T]here are no agendas or minutes which show that the Elsa City Council ever approved that Plaintiff Diaz be given a contract of employment. Specifically, Ms. Yanez testifies that: (a) she is the Elsa City Secretary; (b) as city secretary, she is responsible for maintain all city records, including the agendas and minutes for all board meetings; (c) the Mayor signs all contracts approved by the City Council unless there has been an express delegation of that authority to City Manager by council vote; (d) there is no record of the City Council ever approving a contract of employment with Plaintiff Diaz; (e) there is no record of the City Council ever expressly delegating to the City Manager the authority to enter into a contract with Plaintiff Jesse Diaz.

The City effectively asked the trial court to reconsider the argument that it made in *Diaz I* in light of this "additional evidence." The affidavit, however, does nothing more than implicitly refute the evidence we previously considered in *Diaz I*. That is, her affidavit only reaffirms our conclusion in *Diaz I*—viewing the evidence in the light most favorable to Diaz, a genuine issue of material fact exists concerning Mesa's authority to execute the contract on the City's behalf. *See id.* at *2, 5 (explaining that when a "plea to the jurisdiction includes evidence, . . . [the] procedure generally mirrors that of a [traditional] summary judgment" and concluding, based upon the evidence, "that the Mesa Letter was executed by the City.").

Additionally, if we have jurisdiction over this interlocutory appeal, then, contrary to the deadlines established by the Texas Rules of Appellate Procedure, the City will effectively gain a second opportunity to seek interlocutory review of our decision in *Diaz I* after failing to perfect its appeal from that decision nearly two years ago. *See* TEX. R.

6

APP. P. 53.7(a), (f). Allowing the City to contravene the rules of appellate procedure is also inconsistent with § 51.014(a)'s underlying principle of promoting judicial economy. *See Jones*, 388 S.W.3d at 667.

Therefore, because the City's motions for summary judgment do not contain "new and distinct" challenges to the trial court's jurisdiction, we conclude that we do not have jurisdiction over this interlocutory appeal.[2] *See Jones*, 388 S.W.3d at 667; *Smedley*, 533 S.W.3d at 300–01.

### IV. CONCLUSION

The City's interlocutory appeal is dismissed for want of jurisdiction.

GREGORY T. PERKES
Justice

Delivered and filed the
2nd day of April, 2020.

---

[2] In its brief to this Court, the City additionally raises a jurisdictional argument not presented to or ruled on by the trial court—that Diaz seeks damages outside the scope of § 271.152's waiver of immunity. *See* TEX. LOC. GOV'T CODE ANN. § 271.153(a)(1) (limiting damages to "the balance due and owed by the local governmental entity under the contract"); *Tooke v. City of Mexia*, 197 S.W.3d 325, 346 (Tex. 2006) (concluding that § 271.153 is jurisdictional). Unlike other cases where a party was allowed to raise a jurisdictional challenge for the first time on interlocutory appeal, we have concluded that we do not have jurisdiction over this interlocutory appeal in the first instance. *See Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851 (Tex. 2000); *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 (Tex. 2012). Accordingly, we offer no opinion on the viability of the City's newly raised contention.