

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-25-00209-CV

---

Socorro Independent School District, Appellant

v.

Samantha Magallanes, Appellee

---

On Appeal from the 448th District Court
El Paso County, Texas
Trial Court No. 2023DCV4224

---

## MEMORANDUM OPINION

Samantha Magallanes sued Socorro Independent School District, and the District filed a plea to the jurisdiction. The trial court denied the District's plea, and it did not immediately appeal. Instead, it filed an amended plea to the jurisdiction five months later. When the trial court denied the amended plea, the District filed this interlocutory appeal from the denial of the amended plea. Magallanes has now filed an unopposed motion to dismiss in which she argues that the District's

notice of appeal was untimely filed and should be dismissed for want of jurisdiction.[1] Because the amended plea is substantively the same as the earlier plea, we consider the amended plea to be a motion to reconsider the denial of the first plea. Accordingly, we agree with Magallanes that the time to file an interlocutory appeal from the original denial expired before the District filed its notice of appeal, and we dismiss this appeal.

## I. BACKGROUND

In her original petition, Magallanes asserted respondeat superior and negligent entrustment claims against the District and requested punitive and exemplary damages pursuant to Chapter 41 of the Civil Practice and Remedies Code. She alleged that the District's employee, who is not a party to this appeal, negligently injured her while acting within the course and scope of his employment and while operating a motor vehicle owned by the District. The District filed a plea to the jurisdiction arguing that its immunity from suit had not been waived because, although the Texas Torts Claims Act waives liability for personal injury proximately caused by the negligence of an employee acting within the scope of his employment, it does not waive immunity for negligent hiring, retention, or entrustment. Additionally, the District asserted governmental immunity from exemplary damages. Magallanes then amended her petition to allege that the District's employee was operating a motor vehicle at the time she was injured, thereby waiving immunity under Chapter 101.021 of the Civil Practice and Remedies Code. Although the amended petition abandoned the request for exemplary damages, it retained a reference to Chapter 41 in the prayer.

Sometime after Magallanes amended her petition, the parties conducted depositions. After Magallanes's deposition, the District supplemented its plea to assert governmental immunity from

---

[1] The Clerk of this Court notified the District that the Court may lack jurisdiction over this appeal. In response, the District filed a letter stating that it does not oppose Magallanes's motion to dismiss for lack of jurisdiction.

suit for the intentional torts of assault, battery, and false imprisonment.[2] The District included excerpts from the deposition testimony and from Magallanes's sworn interrogatories as exhibits to the supplemented plea. In the deposition excerpt, Magallanes testified that the District's employee acted intentionally. After a hearing, the trial court entered an order denying the District's supplemental plea to the jurisdiction on February 28, 2025.

Five months later, on July 18, 2025, the District field a "second supplemental plea to the jurisdiction." In this second supplemental plea, the District asserted governmental immunity from Magallanes's "claims arising from assault, battery, false imprisonment, or any other intentional tort" in addition to its plea to the jurisdiction filed April 7, 2024." Finally, the District again complained that Magallanes's amended petition sought punitive and exemplary damages under Chapter 41 through the prayer for relief. The trial court denied the District's second supplemental plea to the jurisdiction on July 24, 2025, and the District filed its notice of appeal on August 13, 2025. Magallanes now moves for dismissal.

## II. DISCUSSION

Courts of appeals generally have jurisdiction only over appeals from final judgments and certain interlocutory orders made appealable by statute. *See e.g.*, *City of Houston v. Estate of Jones*, 388 S.W.3d 663, 666 (Tex. 2012). A governmental entity may appeal from the denial of a plea to the jurisdiction, but to do so, it must file a notice of appeal within 20 days of the date the challenged order was signed. *Id.*; Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8); Tex. R. App. P. 26.1(b), 28.1(a).

---

[2] Magallanes did not amend her petition to include claims for intentional torts. In her response to the District's supplemental plea, she states that "the pleadings on file omit any claims for assault, false arrest or any other intentional tort that would trigger the immunity provision claimed by [the District,]" and she emphasizes that the only cause of action asserted in her pleading is negligence.

3

We "strictly construe" § 51.014(a) as a "narrow exception to the general rule that only final judgments are appealable," *Jones*, 388 S.W.3d at 666 (quoting *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 845 (Tex. 2007), and we construe the term "plea to the jurisdiction" in section 51.014(a)(8) to include only substantive claims of immunity. *Jones*, 338 S.W.3d at 666. Once the trial court denies a plea to the jurisdiction, any amended plea that does not assert a new ground is substantively a motion to reconsider. *Id.* at 667.

If the District's second supplemental plea to the jurisdiction asserts a substantive claim of immunity on a new ground not yet considered by the trial court, then the trial court's denial is appealable and the District's notice of appeal was timely. *Id.*; Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8); Tex. R. App. P. 26.1(b), 28.1(a). If, however, the District's second supplemental plea to the jurisdiction is substantively the same as the plea already considered and rejected by the trial court, then we consider the supplemental plea to be a motion to reconsider the denial of the original plea—the denial of which is not an appealable interlocutory order.

Here, the District's plea to the jurisdiction and its second supplemental plea to the jurisdiction assert the same grounds; both pleas assert governmental immunity from personal injury claims, intentional tort claims, and exemplary damages. Because the pleas are substantially the same, we consider the second plea to be a motion to reconsider the trial court's February 28, 2025 order. Accordingly, we agree with Magallanes that the time to file a notice of appeal began on February 28, 2025, and expired on March 20, 2025, 20 days later. Tex. R. App. P. 26.1(b) ("[I]n an accelerated appeal, the notice of appeal must be filed within 20 days after the judgment or order is signed."). The District did not file its notice of appeal until August 13, 2025, and it did not timely invoke our jurisdiction. Tex. R. App. P. 26.1(b).

### III.  CONCLUSION

Because we lack jurisdiction, we dismiss the appeal and all pending motions. Tex. R. App. P. 43.2(f).


MARIA SALAS MENDOZA, Chief Justice

October 16, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.